**UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF FLORIDA**

ALEXANDER M. RATTNER, individually
and on behalf of all others similarly situated,

    Plaintiff,

vs.                                                    CASE NO. 17-CV-21344 (UU)

TRIBE APP, INC., a foreign corporation,

    Defendant.

_____/

KENNETH HORSLEY, individually
and on behalf of all others similarly situated,

    Plaintiff,

vs.                                                     CASE NO. 17-CV-23111 (JLK)

TRIBE APP, INC., a Delaware corporation,

    Defendant.

_____/

**PRELIMINARY APPROVAL ORDER**

      Having fully considered the Unopposed Amended Motion for Preliminary Approval of Class Settlement ("Motion") of Plaintiff Alexander M. Rattner and Plaintiff Kenneth Horsley (collectively, "Plaintiffs"), the parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

      1.    As used in this Preliminary Approval Order, unless otherwise noted, all capitalized terms shall have the definitions and/or meanings given them in the Agreement.

2.	The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. § 1332.

3.	Venue is proper in this District.

4.	It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.; Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5.	The Court preliminarily approves the Agreement subject to the Fairness Hearing, the purpose of which will be decide whether to grant final approval of the Agreement.  The Court finds that the Agreement, the Settlement set forth therein, and all exhibits attached thereto or to the Motion are fair, reasonable, and adequate, entered into in good faith, free of collusion to the detriment of the Settlement Class and within the range of possible judicial approval to warrant sending notice of the Litigation and the proposed Settlement to the Settlement Class and to hold a full hearing on the proposed Settlement.

6.	The Court finds, for settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23.  The Court therefore preliminarily certifies the following class:

> All Persons, in the United States, who received (i) one or more text message (ii) sent by or on behalf of Defendant (iii) without a user of the Tribe App. manually selecting that Person's name through the Tribe App. and (iv) that contained a link to download the Tribe App.

Specifically excluded from the Settlement Class are the following Persons: Defendant and its respective parents, subsidiaries, divisions, affiliates, associated entities, business units, predecessors in interest, successors, successors in interest and representatives and each of their respective immediate family members; Class Counsel and Counsel for Horsley; and the Judges who have presided over the Litigation and any related cases.

7. The Court recognizes that Defendant Tribe App, Inc. ("Tribe" or "Defendant") reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason. Tribe also reserves its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

8. For settlement purposes only, the Court preliminarily appoints Plaintiff Alexander M. Rattner and Plaintiff Kenneth Horsley as Class Representatives.

9. For settlement purposes only, the Court appoints the following persons and firms as Class Counsel for the Settlement Class:

Manuel S. Hiraldo
HIRALDO P.A.
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301

Andrew J. Shamis
SHAMIS & GENTILE, P.A.
14 N.E. 1st Ave., Suite 400
Miami, FL  33132

10. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of reasonableness." 4 Newberg on Class Actions § 11.26. "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *Smith v. Wm. Wrigley Jr. Co.*, 2010 WL 2401149, at *2 (S.D. Fla. Jun. 15, 2010). Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See* Manual for Complex Litigation, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11. The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Fairness Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

12. The Court appoints Epiq Systems, Inc., as the Settlement Administrator.

13. The Settlement Class Notice Program shall be effectuated as follows:

a. Within ten (10) Days of the entry of this Order, the Parties shall provide to the Settlement Administrator records identifying the telephone numbers of the Persons to which the text messages sent by or on behalf of Defendant, without a user of the Tribe App. manually selecting that Person's name through the Tribe App., and that contained a link to download the Tribe App were sent. The Settlement Administrator will then use these records to determine the mailing addresses for as many members of the Settlement Class as possible.

b. No later than sixty (60) Days after the entry of this Order, the Settlement Administrator will mail the Mailed Notice to all such members of the Settlement Class whose addresses were derived as part of the process described in the paragraph above.

c. No later than sixty (60) Days after the entry of this Order, the Settlement Administrator will also cause notice to be published in a manner that satisfies due process when considered in conjunction with the mailed notice portion of the Settlement Class Notice Program discussed in the paragraph above.

d. The Settlement Administrator will maintain the Settlement Website in accordance with the Agreement.

e. The Settlement Administrator will file proof of compliance with the Settlement Class Notice Program fourteen (14) days before the Fairness Hearing.

f. The Settlement Administrator shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than fourteen (14) days before the Fairness Hearing.

14. The form and content of the Class Notice are fair, reasonable, and adequate, and notice shall be disseminated to the Settlement Class in accordance with the Agreement and as due process and Rule 23 of the Federal Rules of Civil Procedure require.

15. The Court finds that the Settlement Class Notice Program is reasonably calculated, under the circumstance, to apprise the Settlement Class: (a) of the pendency of the Litigation and the essential terms of the Settlement; (b) of the procedures for allocating the Settlement Fund; (c) of any requested amounts for Attorneys' Fee A ward and Incentive Awards;( d) of right of members of the Settlement Class to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; (f) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for Attorneys' Fee Award and/or Incentive Awards and, if he or she desires, enter an appearance personally or through counsel; (g) the time and place of the Final Approval Hearing; and (h) prominently display the address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries. The Court further finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

16. The Court finds the Settlement Class Notice Program: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

17.     No later than fourteen (14) days before the Fairness Hearing, the Settlement Administrator shall file a declaration with the Court attesting to the: (a) completion of the Settlement Class Notice Program and (b) number of valid claims, opt-outs, and objections.

18.     The Court adopts the Claim Deadline and approves the Claim Form in substantially the same form as the Claim Form attached to the Agreement. Any member of the Settlement Class who wishes to receive benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement, and such Claim Form shall be postmarked no later than one hundred twenty (120) days after the entry of this Order. Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

19.     Any member of the Settlement Class who wishes to opt out or exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion sent to the Settlement Administrator at the address on the Notice and to be postmarked no later than one hundred twenty (120) days after the entry of this Order (the "Opt-Out and Objection Date").

20.     The opt-out request must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class. A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected

by the Agreement. The Settlement Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request (the "Opt-Out List").

21. Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

22. Any Settlement Class Member who does not properly and timely submit an optout request and who wishes to object to the fairness, reasonableness, or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of Attorneys' Fee Award or Plaintiffs' Incentive Awards must file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Opt-Out and Objection Date, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

   a) The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel;

   b) A signed declaration stating that he or she is a member of the Settlement Class and that they received one or more text messages sent by or on behalf of Defendant without a user of the Tribe App. manually selecting that Person's name through the Tribe App. and that contained a link to download the Tribe App.;

   c) A statement of all objections to the Settlement; and

      d)     A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.

23. Any member of the Settlement Class who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this Paragraph 23 and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement or the Settlement Agreement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

24. Any objections must be appropriately filed with the Court no later than the Opt-Out and Objection Date, or alternatively they must be mailed to the Court at the address below and postmarked no later than the Opt-Out/Objection Deadline.

    Clerk of Court  
    United States District Court for the Southern District of Florida  
    400 North Miami Avenue  
    Miami, FL 33128  
    Attention: "Rattner v. Tribe App, Inc., Case No. 17-cv-21344 (UU)."

A copy of the objection, postmarked no later than the Opt-Out and Objection Date, must also be mailed to the Settlement Administrator at the post office box described in the Mailed Notice.

25. No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to the Settlement Administrator, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs.

26. Any Settlement Class Member who does not file a written objection in the time and manner described above shall be: (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Fairness Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

27. Any objecting Settlement Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Opt-Out/Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to the Settlement Administrator, as set forth above.

   a. If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify any attorney representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address and state bar(s) to which counsel is admitted. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the Attorneys' Fee Award will be at the Settlement Class Member's own expense; and

   b. If the objecting Settlement Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the OptOut/

        Objection Deadline. If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Fairness Hearing.

    c.    The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections, Claim Forms and any other communications relating to this Settlement.

28.    Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

29.    The Settlement Administrator shall provide Class Counsel and Defendant Counsel with the Opt-Out List within seven (7) Days after the Opt-Out and Objection Date and shall file the Opt-Out List along an affidavit attesting to the completeness and accuracy thereof with the Court no later than five (5) days thereafter, or another such date as the Parties may agree.

30.    The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (a) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class ce1iification in a pending action), based on, relating to, or arising out

of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Tribe, any other Released Person and Class Counsel as a result of the violation. This Order is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

31.  A hearing to determine (a) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate (the "Fairness Hearing") shall be conducted in the United States Courthouse, United States District Court for the Southern District of Florida, Miami Division, commencing on **Friday April 27, 2018 at 1:30 P.M.**

32.  The Court may reschedule the Fairness Hearing without further written notice. If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket.

33.  Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than twenty-one (21) days before the Fairness Hearing.

34.  An application of Class Counsel and/or Counsel for Horsley for an award of fees and expenses shall be filed with the Court no later than fourteen (14) days before the Opt-Out and Objection Date.

35. The Parties shall file a Motion for Final Approval of Class Settlement with a proposed order no later than twenty-one (21) days before the Fairness Hearing.

36. All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Agreement and this Order.

37. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

38. Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by any Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement. This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

39. The terms and provisions of the Agreement may be amended by agreement of the Parties in writing or with approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

DONE and ORDERED at Miami, Florida, this 4th day of December, 2017

*/s/ Ursula Ungaro*

_____
URSULA UNGARO
U.S. DISTRICT COURT JUDGE

Copies furnished to: Counsel of Record