UNITED STATES DISTRICT COURT
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-cv-21344-UU

ALEXANDER M. RATTNER, individually
and on behalf of all others similarly situated,

    Plaintiff,

vs.

TRIBE APP, INC.,

    Defendant.

_____/

CASE NO. 1:17-cv-23111-UU

KENNETH HORSLEY, individually
and on behalf of all others similarly situated,

    Plaintiff,

vs.

TRIBE APP, INC.,

    Defendant.

_____/

## FINAL ORDER GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

THIS CAUSE came before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement Agreement ("Motion for Final Approval") [D.E. 69], filed on April 6, 2018. The Court having considered the Motion for Final Approval, the record, and being otherwise fully advised in the premises, it is

**ORDERED** and **ADJUDGED** as follows:

1. On December 4, 2017, this Court granted amended preliminary approval to the proposed class action settlement set forth in the Class Action Settlement Agreement and Release [D.E. 48-1] (the "Settlement Agreement")[1] between Plaintiff ALEX RATTNER ("Plaintiff Rattner") and KENNETH HORSLEY ("Plaintiff Horsley") (Collectively, "Plaintiffs"), on behalf of themselves and all members of the Settlement Class, and Defendant TRIBE APP, INC. ("Defendant") (collectively, the "Parties"). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the Settlement Class, and set a Fairness Hearing to take place on April 27, 2018 at 1:30 p.m.

2. In connection with the final approval process and the Motion for Final Approval, on April 27, 2018 at 1:30 p.m., the Court held a duly noticed Fairness Hearing to consider: (1) whether the Settlement Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure; (2) whether the proposed Settlement is fair, reasonable, and adequate to the Settlement Class; (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees Awards and whether and in what amount to award Incentive Awards to Plaintiffs; and (4) whether final judgment should be entered dismissing the Plaintiffs' claims on the merits and with prejudice, including the claims of Settlement Class who have not requested exclusion.

3. At this juncture, the Court is "not called upon to determine whether the settlement reached by the parties is the best possible deal, nor whether class members will

---

[1] Unless otherwise defined, capitalized terms in this Order have the definitions found in the Settlement Agreement.

2

receive as much from a settlement as they might have recovered from victory at trial." *See Gevaerts v. TD Bank, N.A.*, Case No. 11:14-cv-20744-RLR, at *16 (S.D. Fla. Nov. 5, 2015). Rather, the objective at the final approve stage is to ensure that the class action settlement terms are fair, reasonable, and adequate. *See Circeo-Loudon v. Green Tree Servicing*, Case No. 14-cv-21384-MORENO, 2016 U.S. Dist. LEXIS 193091 (S.D. Fla. Aug. 30, 2016).

4. For the reasons set forth herein, the Motion for Final Approval is hereby **GRANTED**.

5. The Court has evaluated the following six factors in resolving the Motion for Final Approval.

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of the plaintiffs' success on the merits;

(5) the range of possible recovery; and

(6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement.

*Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *see also Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)

6. The Court finds that the Settlement Agreement was the result of arm's-length and informed negotiations as opposed to collusion among the parties. The Settlement Agreement was reached only after mediation facilitated by a highly experienced and well-

3

respected neutral, Joseph Matthews. *See Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 693 (N.D. Ga. 2001) ("The fact that the entire mediation was conducted under the auspices of . . . a highly experienced mediator, lends further support to the absence of collusion."); *see also Tornes v. Bank of Am., NA (In re Checking Account Overdraft Litig.)*, 275 F.R.D. 654, 661 (S.D. Fla. 2011) ("Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness"). Moreover, the Parties agreed on the terms of the Settlement through experienced counsel, who had at their disposal both prior to the mediation sessions and during subsequent negotiations ample information to evaluate the terms of any proposed agreement so as to reach a fair and reasonable compromise. The Settlement Agreement was reached after mediation and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Plaintiffs were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

7. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each member of the Settlement Class in that: (a) the number of members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of settlement; (e) the questions of law and fact common to the Settlement Class predominate over individual questions; (f) the

Settlement Class is reasonably ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of this controversy.

8. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, solely for purposes of the Settlement, as identified in the Settlement Agreement, which shall consist of the following: All Persons, in the United States, who received (i) one or more text message (ii) sent by or on behalf of Defendant (iii) without a user of the Tribe App. manually selecting that Person's name through the Tribe App. and (iv) that contained a link to download the Tribe App. The class period is found to be April 10, 2013 to December 4, 2017.

9. The Court finally appoints attorneys Manuel Hiraldo of Hiraldo P.A. and Andrew Shamis of Shamis & Gentile, P.A. as Class Counsel for the Settlement Class. The Court finds that, in this case, Class Counsel have represented the Settlement Class's interests in the Litigation, are qualified to serve, and have substantial knowledge of the facts and claims involved herein. The Court finally designates Plaintiff Alexander Rattner as a Class Representative and Plaintiff Kenneth Horsely as a Class Representative in the Litigation and finds that they are properly designated as such. The Court finds that Class Counsel and Plaintiffs adequately represented the Settlement Class for purposes of entering into and implementing the Settlement.

10. The Court finds that it has personal jurisdiction over Plaintiffs and all Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement and Settlement Agreement, including all exhibits thereto, and to enter this Final Order and Judgment.

11. The Court makes the following findings with respect to notice of the Settlement:

    (a) The Court finds that the Settlement Class Notice Program, as provided for in the Settlement Agreement, and as otherwise

5

provided for by the Court (1) constituted the best practicable notice, (2) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek monetary and other relief; (3) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (4) met all requirements of due process and any other applicable law.

(b)  The Court approves the Claim Form distributed to the Settlement Class.

(c)  Class Counsel has filed a declaration from Epiq Class Action & Claims Solutions, Inc., who served as the Settlement Administrator for the Settlement, which established the adequate notice was given to the Settlement Class in compliance with the Settlement Agreement and the preliminary approval order.

(d)  Additionally, this Court has previously found that the parties have provided the CAFA notice under 28 U.S.C. 1715(b) in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715. [D.E. 62].

12.  Persons who wished to object to the Settlement or request exclusion from the Settlement were given adequate opportunity to object, request exclusion, or submit notice informing the Court of their desire to speak at the Fairness Hearing. The Court finds that no

persons submitted such objections, requests for exclusion, or notices, which further establishes the Settlement is fair, reasonable, adequate, and should be approved.

13. Pursuant to Fed. R. Civ. P. 23, the Court finds and grants final approval to the Settlement Agreement as being fair, reasonable, and adequate as to all Parties and consistent and in compliance with all requirements of due process and applicable law, as to and in the best interests of all Parties and directs the Parties and their counsel to implement and consummate the Settlement Agreement in accordance with its terms and provisions.

14. This Settlement Agreement and this Final Order and Judgment will be forever binding on and have res judicata and preclusive effect in all pending and future lawsuits or other proceedings encompassed by the Release maintained by or on behalf of Plaintiffs and all Settlement Class Members, as well as their respective present, former and future administrators, agents, assigns, attorneys, executors, heirs, partners, predecessors-in-interest and successors. As of the entry of this Final Order and Judgment, Plaintiffs and all Settlement Class Members, whether or not they return a Claim Form within the time and in the manner provided for, shall be barred from asserting any Released Claims against Defendant and/or any Released Persons, and any such Settlement Class Members shall have released any and all Released Claims as against Defendant and all Released Persons. The Release, which is set forth in the Settlement Agreement, is expressly incorporated herein in all respects and is in effect as of the entry of this Final Order and Judgment. The Court further bars and permanently enjoins all Settlement Class Members from (1) filing, commencing, prosecuting, intervening in or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to

the Litigation and/or the Released Claims; and (2) organizing members of the Settlement Class or Settlement Class Members who have not excluded themselves from the Settlement Class into a separate class for purposes of pursuing as a purported class action any lawsuit or arbitration or other proceeding (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action) based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims, except that Settlement Class Members are not precluded from participating in any investigation or suit initiated by a state or federal agency. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendant and/or any other Released Persons or Class Counsel as a result of the violation.

15. It is adjudged that Plaintiffs and the Settlement Class have conclusively compromised, settled, dismissed, and released any and all Released Claims against Defendant and the Released Persons.

16. The Settlement Agreement and the Settlement provided forth therein and any proceedings taken pursuant thereto are not and should not in any event be offered or received as evidence of, a presumption, concession, or an admission of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendant or any Released Persons or of the suitability of these or similar claims to class treatment in any litigation and trial; provided, however, that reference may be made to this Settlement Agreement and the Settlement provided for therein in such proceedings solely as may be necessary to effectuate the Settlement Agreement.

17. The Parties are authorized, without further approval from the Court, to agree to and adopt, in writing, such amendments, modifications, and expansions of this Settlement

Agreement and all exhibits hereto as (1) shall be consistent in all material respects with the Final Order and Judgment; and (2) do not limit the rights of the Parties or Settlement Class Members.

18. The determination of appropriate attorney's fees shall be determined separately upon resolution of Plaintiffs' Motions for Attorney's fees (D.E. 63, *Rattner*; D.E. 45, *Horsley*).

19. The Court also awards and finally approves Incentive Awards in the amount of $4,500.00 for Plaintiff Rattner and $4,500.00 for Plaintiff Horsley, payable pursuant to the terms of the Settlement Agreement.

20. The Litigation, the Rattner Action, and the Horsley Action, including but not limited to all individual claims and class claims presented therein, are hereby dismissed on the merits and with prejudice and without fees or costs except as provided in the Settlement Agreement and in accordance with the terms of this Final Order and Judgment.

**DONE** and **ORDERED** at Miami, Florida, this 27 day of April, 2018.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record